IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LUTHER RAYMOND ALSPACH,

           Plaintiff,

v.

MRS. X WILCOX, CASEY SPARTZ,
ANITA BURDICK DENHAM, and
SEQUOIA MENTAL HEALTH
SERVICES, INC.,

           Defendant.

3:14-cv-01493-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Luther Raymond Alspach filed this *pro se* action *in forma pauperis* against defendants Mrs. X Wilcox, Casey Sparts, Anita Burdick Denham, and Sequoia Mental Health West & East.

    Alspach's claim lacks clarity as to the factual and legal foundations for his alleged injuries. On October 17, 2014, I issued an order to show cause (#10) as to this court's jurisdiction and the nature of Alspach's claims. Having received only one filing that does not

Page 1 - FINDINGS AND RECOMMENDATION

directly respond to that order, I find that Alspach has failed to show cause and his claims should be dismissed without prejudice for lack of subject matter jurisdiction.

Analysis of the allegations contained in Alspach's complaint highlights two salient issues: (1) whether Alspach was abandoned or "banished" by individuals employed by Sequoia Mental Health Services ("SMHS") for an extended period; and (2) whether this court has jurisdiction over SMHS employees.

In Alspach's November 7 filing, which I do not construe as a direct response to the order to show cause, he describes additional facts on the reverse side of a piece of receipt paper. He alleges that unnamed individuals "refused to open doors of Sequioa building at 8:00am" and that those individuals instead "would open at 8:30am only!" Notice, #10, 1. Whether this is intended to describe the nature of Alspach's alleged abandonment is questionable, as his complaint alleges being abandoned for a 28-day period. Thus, the facts surrounding Alspach's banishment remain unclear. More importantly, however, Alspach has failed to show cause as to why employees of SMHS are within this court's jurisdictional reach.

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also, e.g., Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The complaint of a *pro se* plaintiff is to be construed liberally when analyzing subject matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Federal Rule of Civil Procedure 12(h)(3) provides that, "[i]f the court determines at any

Page 2 - FINDINGS AND RECOMMENDATION

time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) ("[I]t is well established that district courts may address questions of subject matter jurisdiction *sua sponte*."). Moreover, in connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C, § 1915(e)(2).

Here, although Alspach's allegations are not entirely clear, it appears that his claims are brought under 42 U.S.C. § 1983 against employees of SMHS, a private Oregon non-profit. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). Because Alspach does not allege that SMHS is acting under color of State law or is so connected to state functions as to render it a constructively public entity, I find that Alspach's claims should be dismissed for lack of subject matter jurisdiction.

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)

Page 3 - FINDINGS AND RECOMMENDATION

(citation omitted); *Watkins v. Proulx, et al.*, 235 Fed. Appx. 678, 679 (9th Cir. 2007) (remanding a district court's dismissal of an action based on subject matter jurisdiction with prejudice). However, where no other court has the power to hear the case, dismissal with prejudice is appropriate. *See id.*

I note that, in light of the nature of Alspach's filings, I have concerns regarding his competency. Nevertheless, I have given Alspach a chance to cure the deficiencies in his complaint, and, even construing the complaint and his responses to the order to show cause in the light most favorable to him, I am unable to conclude that this court has subject-matter jurisdiction or that Alspach has stated valid a claim for relief. Additionally, I do not reach the merits on Alspach's abandonment claim, and a court of general jurisdiction, such as a state circuit court, likely has the power to hear this case. Thus, I recommend that the district court dismiss Alspach's complaint without prejudice.

## CONCLUSION

Based on the foregoing, Alspach's complaint (#2) should be dismissed without prejudice and a final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Page 4 - FINDINGS AND RECOMMENDATION

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals, Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 19th day of November, 2014.

_____
Honorable Paul Papak
United States Magistrate Judge